UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICKEY S.,** | Civil Action No. 18-1002 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **CHARLES GREEN,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Rickey S., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner replied. (ECF No. 9). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Rickey S., is a native and citizen of Guyana who first entered the United States in November 1979 as a legal permanent resident. (Document 1 attached to ECF No. 8 at 3). During his time in this country, Petitioner has amassed a considerable criminal history including convictions for theft in 1989, aggravated assault in 1991, possession of a firearm for an unlawful purpose in 1997, and attempted aggravated assault in 2016. (*Id.*). Following Petitioner's release from criminal custody on his 2016 conviction, Petitioner was taken into immigration custody on June 7, 2017, and served with a notice to appear for removal proceedings. (*Id.* at 2). Petitioner has remained detained since that time.

1

On November 2, 2017, Petitioner was ordered removed by an immigration judge. (Document 2 attached to ECF No. 8). Petitioner appealed, and the Board of Immigration Appeals affirmed the removal order and dismissed his appeal on March 23, 2018. (Document 6 attached to ECF No. 8). On April 6, 2018, however, Petitioner filed a petition for review with the Third Circuit, accompanied by a motion for a stay of removal. (Third Circuit Docket No. 18-1773). On April 24, 2018, Petitioner's motion for a stay was temporarily granted pursuant to a standing order of the Third Circuit until such time as a merits panel could review the motion. (Third Circuit Docket No. 18-1773 at Document No. 3112911500). On July 11, 2018, however, the Third Circuit entered an order which dismissed Petitioner's petition for review for lack of jurisdiction, vacated the order granting a temporary stay, and denied Petitioner's motion for a stay of removal as moot. (Third Circuit Docket No. 18-1773 at Document No. 3112979045).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner contends that his continued immigration detention has become overlong. In order to evaluate the merits of Petitioner's claim, this Court must first determine the statutory basis for Petitioner's detention. While § 1226(c), the statute Petitioner contends controls this matter, governs the detention of aliens such as Petitioner during their removal proceedings, once an alien has received a final order of removal, he is no longer subject to § 1226 detention and instead the basis for his detention becomes 8 U.S.C. § 1231(a). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-72 (3d Cir. 2012). An alien will only revert to § 1226(c) detention under such circumstances where he seeks and is granted a stay of removal by the Court of Appeals. *Id.* at 270. Because the Third Circuit has now vacated the temporary stay Petitioner received, Petitioner is not subject to a judicially ordered stay, and it is thus clear that he is currently subject to a final order of removal. Petitioner's detention is thus governed by 8 U.S.C. § 1231(a).

Because Petitioner is subject to a final order of removal, any challenge Petitioner may have had regarding his detention under § 1226(c) is effectively moot as he is no longer detained under either subsection of § 1226. *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot). Because Petitioner is instead detained pursuant to § 1231(a), he could only establish that he is entitled to relief from immigration detention by meeting the requirements set out by the Supreme Court in *Zadvydas*.

In *Zadvydas*, the Supreme Court observed that § 1231(a) directs the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The *Zadvydas* Court thereafter held that the statute does not limit post-

removal order detention to this ninety day period – instead the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary duration of removal proceedings, the Court ultimately determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701. Even where an alien's detention exceeds this presumptively reasonable period, however, the alien does not automatically become entitled to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner received his administratively final order of removal when the BIA dismissed his appeal on March 23, 2018. However, because Petitioner was subject to a temporary stay in the Third Circuit his detention pursuant to § 1231(a) and his 90-day removal period did not actually begin until the Third Circuit vacated the stay and dismissed Petitioner's petition for review. *See* 8 U.S.C. §1231(a)(1)(B)(ii). Petitioner has thus just begun his removal period, and the Government is required to detain him for nearly three more months. As Petitioner's detention pursuant to his final order of removal has not yet crested six months, his continued detention

pursuant to § 1231(a) is presumptively reasonable, and he is not entitled to habeas relief at this time. Petitioner's petition is therefore denied.

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's habeas petition (ECF No. 1) without prejudice. An appropriate order follows.

Dated: July 16, 2018  *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge